T.C. Memo. 1996-47

UNITED STATES TAX COURT

EMMETT I. AND SHIRLEY SINDIK, Petitioners <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket No. 11487-94.                    Filed February 12, 1996.

Emmett I. and Shirley Sindik, pro se.

<u>Lisa M. Bernardini</u>, for respondent.

MEMORANDUM OPINION

WRIGHT, <u>Judge</u>:  Respondent determined deficiencies,
additions, and penalties with respect to petitioners' Federal
income tax for taxable years 1988, 1989, and 1990, as follows:

| | | Additions to Tax and Penalties | | |
| | | Sec. | Sec. | Sec. |
| Year | Deficiency | 6653(a)(1) | 6661(a) | 6662(a) |
| 1988 | $9,864 | $493 | $2,020 | -0- |
| 1989 | 13,603 | -0- | -0- | $2,603 |
| 1990 | 29,476 | -0- | -0- | 5,895 |

After concessions by the parties, which will be given effect in the Rule 155[1] computation, the issues for decision are:

(1)  Whether petitioners understated gross receipts for taxable years 1988, 1989, and 1990 in the amounts of $27,678, $27,016, and $39,219, respectively, as determined by respondent. We hold that they did.

(2)  Whether petitioners overstated business expense deductions for the taxable years at issue as determined by respondent.  We hold that they did.

(3)  Whether petitioners had unreported capital gain for taxable year 1990 in the amount of $38,700 as determined by respondent.  We hold that they did.

(4)  Whether petitioners are liable for an addition to tax for negligence under section 6653(a)(1) for taxable year 1988 and accuracy-related penalties for negligence under section 6662(a) for taxable years 1989 and 1990.  We hold that they are.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

(5)  Whether petitioners are liable for an addition to tax under section 6661(a) for a substantial understatement of tax for taxable year 1988.  We hold that they are.

Background

Petitioners resided in New Orleans, Louisiana, at the time the petition was filed.  Petitioners timely filed their joint Federal income tax returns for the years at issue.  References to petitioner in the singular are to Emmett I. Sindik.

Petitioner is the sole proprietor of an import-export business.  Petitioner has been in the business for more than 25 years acting as the middleman between U.S. and foreign importers and exporters handling U.S. Customs duties, ocean freight fees, and trucking fees.  Petitioner essentially completes the paperwork involved and charges a fee to his clients for this service; he has no monetary interest in the cargo other than his fee.  Petitioner's clients write checks payable to petitioner as a customs broker for customs duties and various other fees. Petitioner deposits these checks into his bank account and subsequently issues checks to the appropriate agencies.  Mrs. Sindik did not participate in petitioner's business or in the preparation of their returns.

Petitioner failed to maintain complete and accurate records of his income-producing activities and failed to produce complete and accurate records to respondent in connection with the

examination of his income tax returns for the taxable years at issue.

Respondent, using the bank deposits method, determined that petitioners had understated gross receipts and overstated various business expense deductions for the years at issue. Respondent further determined that petitioners had unreported capital gain in the amount of $38,700 from the sale of stock in 1990.

Petitioners did not stipulate any facts prior to trial, provided no documentary evidence other than their returns for the taxable years at issue, and called no witnesses other than Mr. Sindik, who did testify on behalf of himself and Mrs. Sindik. Petitioner testified that he knows exactly the amount of money he makes on every business transaction, but when asked by the Court if he had any books reflecting these amounts, petitioner stated: "I don't keep books".

Gross Receipts

The first issue for our decision is whether petitioners understated gross receipts from Mr. Sindik's business for taxable years 1988, 1989, and 1990, in the amounts determined by respondent. Respondent claims that petitioner failed to keep adequate records and as a result respondent reconstructed petitioners' income for the years at issue using the bank deposits method.

It is well established that where a taxpayer fails to maintain adequate records, the Commissioner may prove the

existence and amount of unreported income by any method that will clearly reflect the taxpayer's income.  Sec. 446(b); Holland v. United States, 348 U.S. 121, 130-132 (1954); Harper v. Commissioner, 54 T.C. 1121 (1970).  The premise underlying this method of income reconstruction is, absent some explanation, that a taxpayer's bank deposits represent taxable income.  The total of all deposits is determined by the Commissioner to arrive at the taxpayer's income.  Adjustments are then made to eliminate deposits that reflect nonincome items such as gifts, loans, transfers between bank accounts, and redeposits.

Petitioners bear the burden of proving that respondent's determinations, including unreported income, are incorrect.  Rule 142(a); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). Petitioners provided no sufficient evidence indicating that the excess deposits into their bank account during the years at issue were attributable to nontaxable sources.

Petitioners argue that respondent's use of the bank deposits method does not accurately reflect the amount of unreported income for the years at issue.  Without more than petitioner's testimony that he believes respondent's determinations to be incorrect, however, we have no way of making any adjustments to respondent's calculations.

Accordingly, we find that petitioners have failed to meet their burden of proof, and respondent's determination with

respect to petitioners' unreported gross receipts for the years at issue is sustained.

## Business Expense Deductions

The second issue for our decision is whether petitioners overstated the amount of their business expense deductions for the taxable years at issue. Deductions are a matter of legislative grace, and petitioners bear the burden of proving their entitlement to any deduction claimed on their returns. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. Sec. 6001. Under certain circumstances, in which a taxpayer establishes his or her entitlement to a deduction, but does not establish the amount of the deduction, we are permitted to estimate the amount allowable. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). There must be, however, sufficient evidence in the record to permit us to conclude that a deductible expense was incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). In estimating the amount allowable, we may bear heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544.

Based upon the record before us in the instant case, we find that petitioners have failed to meet their burden of proving entitlement to business expense deductions for the years at issue in excess of the amounts allowed by respondent. Petitioners have

provided no sufficient evidence to enable us to estimate the amount of any business expense in excess of the amounts allowed by respondent. Accordingly, respondent is sustained on this issue.

## Capital Gain

Respondent determined that petitioners failed to report a capital gain on the sale of stock in the amount of $38,700 for taxable year 1990. Petitioners presented no evidence with respect to this issue. Accordingly, we find that petitioners have failed to meet their burden of proving that respondent's determination is incorrect, and respondent's determination is therefore sustained.

## Negligence

The next issue for our decision is whether petitioners are liable for an addition to tax for negligence under section 6653(a)(1) for taxable year 1988 and for an accuracy-related penalty for negligence under section 6662(a) for taxable years 1989 and 1990.

For taxable year 1988, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence or intentional disregard of rules or regulations. With respect to taxable years 1989 and 1990, section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of the

underpayment attributable to negligence or disregard of rules or regulations.

Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Negligence includes any failure to make a reasonable attempt to comply with the law.  Secs. 6653(a)(3), 6662(c).  Respondent's determination that petitioners' underpayment was due to negligence is presumptively correct and must stand unless petitioners can establish that they were not negligent.  Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337.

In the instant case, petitioner admitted that he did not keep records with respect to his business activities.  As stated earlier, a taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  We find that in keeping no records of his business activities, petitioner failed to make any reasonable attempt to comply with the law.  We find further that the underpayment of tax for the years at issue is due to petitioner's failure to do what a reasonable and ordinarily prudent person would do under like circumstances.

Petitioners presented no sufficient evidence to rebut respondent's determination that the underpayment of tax for the

years at issue was due to negligence. Accordingly, respondent's determination is sustained on this issue.

Substantial Understatement

Respondent determined that petitioners are liable for an addition to tax for a substantial understatement of income tax under section 6661 for taxable year 1988. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, is equal to 25 percent of the amount of any underpayment attributable to the substantial understatement. Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-503 (1988).

A "substantial understatement" occurs when an understatement exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on a return. Sec. 6661(b)(1)(A). An "understatement" means the excess of the amount of the tax required to be shown on a return over the amount of tax imposed which is shown on the return. Sec. 6661(b)(2)(A).

Section 6661(b)(2)(B) provides for the reduction of an understatement by that portion of the understatement which is attributable to either: (1) The tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.

Petitioners presented no evidence that there was substantial authority for the treatment of any item or that any item was adequately disclosed on their returns for the years at issue. Accordingly, respondent is sustained on this issue.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155.</u>